THE AMERICAN WORKMEN v. NIGHT.

4-6398                                        152 S. W. 2d 545

Opinion delivered June 9, 1941.

*Danaher & Danaher,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

Holt, J.   May 10, 1920, Ada Night, appellee, purchased from appellant, a fraternal benefit society, a "Class A" insurance policy in the amount of $1,000. When the policy was issued, the assessed monthly premium was $1. This premium appellee paid from month to month until April 8, 1939. Appellant's Supreme Board of Trustees, by resolution April 24, 1923, raised the monthly assessment rate on appellee's policy effective June 1, 1923. In answer to an inquiry from appellee in April, 1939, appellant informed her by letter that at that time the payments of $1 per month, which she had been making since the issuance of the policy, under its terms, purchased only $300 insurance, she not having paid the increased assessment levied in 1923 necessary to purchase $1,000 insurance.

Following receipt of this information, appellee filed suit in the Jefferson chancery court May 19, 1939, and the prayer of her complaint was (quoting from appellee's brief): "that said policy be construed by said court to insure appellee in the sum of $1,000 for the premium of $1 per month, plus extra assessments provided for, or, in the alternative, that she have a money judgment of and from the appellant company, The American Workmen, in an amount equal to all moneys paid into said appellant company by the appellee since May 8, 1920, less sick benefits, plus interest at the rate of 6 per cent. per annum."

The answer of appellant denied every material allegation in the complaint and alleged that the policy had lapsed for failure to pay premium assessments.

680

Upon a trial the court rendered a decree in favor of appellee for all premiums and special assessments paid by her on the policy, less a sick benefit credit of $21, or for a total amount of $365.26, and six per cent. interest thereon from April 8, 1939, together with all costs. From that decree comes this appeal.

We think the trial court erred. The material facts in this case are not in dispute. Appellant is a fraternal benefit society. Its constitution and by-laws, together with the application of the insured, appellee, were all a part of the insurance contract here in question.

The policy provides: ''The dues required to be paid by a member to keep this certificate in full force and effect, shall be—$1.00—per month . . ., together with extra assessments, if necessary. . . . This certificate and application for membership, medical examination, the constitution and laws of this society and all amendments to each thereof, and the conditions and provisions on the back of this certificate shall constitute the agreement between the society and the member.''

The constitution and by-laws provide: ''The objects for which this society is formed are for the purpose of establishing a system of mutual benevolence and relief in case of sickness, accident, death or old age, the said assistance, aid and relief shall be paid from funds to be created from dues and assessments levied upon the members of the society and for the promotion of fraternal relations among its members during life. . . .

''Section 3. The society may receive as members any person over eighteen and under fifty-five years of age, . . . and who shall . . . obey the by-laws of the society now in force or as hereafter modified or enacted. . . .

''Section 26. The Supreme Board of Trustees of nine members of this society, whose duty it shall be to manage the affairs of the society and constitute and enforce the by-laws and rules of the society, and perform such other duties as may devolve upon such a body. . . . It shall authorize and order all special assessments and fix the rate for monthly dues to be paid by members of the society.

"Section 47. Every member shall be liable for payment of such dues as are stated in his or her certificate and for any special assessments levied during the continuance of the membership. . . .

"Section 52. Certificates of this society shall be issued to its members upon such forms as are prescribed by the Supreme Board of Trustees, and members shall pay such dues and assessments as are levied by the Supreme Board of Trustees upon the class or form of certificate issued.

"Section 53. The Supreme Secretary shall immediately after the levy of a special assessment by the Board of Trustees prepare a notice of such assessment, which shall be payable on or before the fifteenth day of the next succeeding month, and notice thereof shall be mailed on or before the last day of the month to all members.

"Section 54. Should a member fail to pay his dues on or before the date they are due as shown by his certificate, he shall stand suspended and cease to be entitled to any benefits and his certificate shall be lapsed, provided that such member may (within a reasonable time from such suspension, if in good health), renew his certificate by making application to the Supreme Secretary and subject to his approval. . . ."

In appellee's application for membership appears the following: "I do agree that the foregoing application and statements are the basis of a contract for membership in the said Society, and agree to obey and conform to all the rules of said Society and to its by-laws as may be enacted from time to time; pay all assessments as required and conform to the methods governing the same as required by its laws, otherwise the certificate of membership issued by acceptance of this application shall become null and void as may be stipulated therein, or in the by-laws, and in consequence all moneys paid thereon forfeited to the society."

Appellant's Supreme Board of Trustees adopted the following resolution April 24, 1923: "Resolved, that beginning June 1, 1923, the following rates shall be the

official and legal monthly rates for all our Accumulative Class "A" Policies: . . . Ages 26 to 29, monthly dues first three years, $1.10; monthly dues fourth to tenth year, inclusive, $1.60; monthly dues after ten years, $2.49. . . .

"Further resolved that the above rates shall be applied to all outstanding Class "A" Policies, and if the insured elects to pay the increased rates their beneficiary shall receive full benefits, but, if the insured elects to continue their policy on the old rate, then the insurance liability shall be reduced, and in the final settlement with the beneficiary, benefits shall be adjusted by the payment of such an amount of insurance as the payments of dues would have purchased at the above stipulated rates. . . ."

It will thus be seen that appellee, Ada Night, agreed in her application, which was a part of the insurance contract, "to pay all assessments as required," and, under the insurance policy itself, to pay monthly dues of $1, "together with extra assessments, if necessary."

Section 52 of the constitution, *supra,* requires that all "members shall pay such dues and assessments as are levied by the Supreme Board of Trustees." These bylaws were in full force and effect at the time the policy was issued May 8, 1920.

Under the plain terms of the constitution and by-laws, (Section 52, *supra*), the Supreme Board of Trustees had the power to pass and put in force the resolution of April 24, 1923, *supra,* increasing the assessment rates.

45 Corpus Juris 44, § 35, announces the rule that governs this case: "By the weight of authority a society may alter the constitution and by-laws so as to increase the amount of assessments payable, where the member consents thereto, as by an express agreement to pay all assessments that may be levied, . . ."

Section 7871 of Pope's Digest (§ 12 of act 462 of 1917) provides that "Every such (fraternal benefit) society shall have the power to make a constitution and by-laws for the . . . fixing and readjusting of the

rates of contribution of its members from time to time. . . ," and this section was in effect when the policy in question here was issued and appellee cannot complain at the additional assessments in the face of her agreement to pay "such dues and assessments as are levied by the Supreme Board of Trustees." We think this assessment was legally levied in accordance with the plain terms of the insurance contract.

Courts do not make contracts for parties. Their duty is only to construe and to enforce them. Appellee insists, however, that proper notice of this additional assessment was not given to her. The record before us reflects that a copy of the assessment resolution was mailed to appellee by appellant and also that copies of a publication issued by appellant, containing the assessment resolution, were mailed to appellee from time to time. Appellee, however, testified that she never received any of these notices.

Section 53 of the by-laws, *supra,* which as we have indicated was a part of the insurance contract, required that the assessment notice "shall be mailed," and we think appellant's duty was fully discharged in this connection on June 28, 1923, when notice of the assessment was mailed to appellee by depositing it in the United States mail as was done by appellant.

The textwriter in 32 Corpus Juris 1307, § 547, announces the rule as follows: "Where the contract of insurance provides that notice shall be given by mail, a failure to receive a notice properly mailed which is not due to the fault of the company is not an excuse for non-payment."

And the Supreme Court of Massachusetts in *Lothrop* v. *Greenfield Stock & Mutual Fire Ins. Co.,* 2 Allen (Mass.) 82, 85, said: "The defendants, whose duty it was to make the request, transmitted it in the manner stipulated by the contract. They could do nothing further. They did not agree that the plaintiff should receive their letter. Nor was it the agreement of the parties that the request, to be binding on the plaintiff, should be received by him. The contingency of the failure of the

notice to reach him through the mail was not provided for by the contract, and cannot therefore be set up as forming a valid ground on which to defeat its express stipulations.''

We are of the view that appellant has fully complied with the plain terms of the provisions of the insurance contract presented here, not only in the assessment levy, but in mailing notice thereof to appellee. We are unable to find any breach of the contract on the part of appellant. Appellee, however, by her admitted failure to pay the monthly premium assessment due in May, 1939, suffered the policy in question to lapse.

Any rights that appellee may have under the terms of the policy to have it reinstated, are not presented for our consideration on this appeal.

The decree will be reversed, and the cause remanded with directions to dismiss appellee's complaint for want of equity.